IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2004

**STEVEN GRIFFIN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 93-C-1154   Steve Dozier, Judge**

_____

**No. M2003-00557-CCA-R3-PC - Filed July 13, 2004**

_____

JOSEPH M. TIPTON, J., dissenting.

I respectfully disagree with the conclusion reached in the majority opinion. The Post-Conviction DNA Analysis Act has no provision that even hints of waiver relative to a request to test evidence for the first time. The applicable requirement for consideration is T.C.A. § 40-30-304(3) which states: "The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis." The focus is on the fact that no test occurred, not on whether a previous opportunity existed or was pursued to have the test done.

As this court has previously indicated, the position of the parties, the theories pursued, and the testimony given lends no help under the Act to the decision to test evidence which will or may exonerate the petitioner. See, e.g., Jack Jay Shuttle v. State, No. E2003-00131-CCA-R3-PC, Sullivan County (Tenn. Crim. App. Feb. 3, 2004), app. filed (Tenn. Apr. 2, 2004). But see Sedley Alley v. State, No. W2004-01204-CCA-R3-PC, Shelby County, slip op. at 10 (Tenn. Crim. App. May 26, 2004) (stating that when allegation of false confession "is of recent origin and the evidence otherwise supports the identity of the petitioner as the perpetrator, a prior confession may be sufficient to deny DNA testing"). Thus, I believe that the petitioner's defense tactics or theories in his trial do not bar his obtaining DNA analysis under the Act.

Given the fact that the trial court treated the petitioner's request as a petition to reopen and did not assess the criteria pursuant to T.C.A. § 40-30-304, I would remand the case in order that the trial court may consider the petitioner's request under the Post-Conviction DNA Analysis Act.

_____
JOSEPH M. TIPTON, JUDGE